OPINION
Defendant-appellant Penelope Pavlick appeals from the December 19, 1997, Judgment Entry of the Holmes County Court of Common Pleas adjudicating her a sexual predator as defined in R.C. 2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
In March of 1996, appellant Penelope Pavlick was charged with one count of corruption of a minor in violation of R.C. 2907.04(A). The Bill of Information, which was filed on March 11, 1996, alleged that "on or about February 22, 1996, in Holmes County, Ohio, Penelope Pavlick, who is 18 years of age or older, did engage in sexual conduct with another who is not the spouse of the offender, when the offender knows that such other person is thirteen years of age or older but less than sixteen years of age, to-wit: D.O.B. 07/16/81, or the offender is reckless in that regard, and the offender is four years older than the other person involved, which constitutes the offense of Corruption of a Minor, a felony of the third degree in violation of Ohio Revised Code Section 2907.04(A)." A Waiver of Indictment was signed by appellant and filed the same day. Thereafter, appellant waived prosecution by indictment and entered a plea of guilty to the charge of corruption of a minor in violation of R.C. 2907.04(A). A Judgment Entry memorializing appellant's plea was filed on March 11, 1996. Following a presentence investigation report and a psychological examination by the Forensic Diagnostic Center, appellant was sentenced on April 24, 1996, to 24 months in prison for corruption of a minor in violation of R.C. 2907.04(A), a felony of the third degree. However, appellant's sentence was suspended and appellant was placed on probation for a term of five years upon specified terms and conditions. A Journal Entry memorializing appellant's sentence was filed on April 24, 1996. After appellant violated the terms and conditions of her probation, appellant's 24 month prison sentence was imposed pursuant to a Journal Entry filed on June 11, 1997. Following the enactment of Ohio's Version of Megans Law, R.C. Chapter 2950, appellant was screened by the Ohio Department of Rehabilitation and Correction to determine whether she should be adjudicated a sexual predator. The Warden of the Franklin Pre-Release Center recommended to the trial court that appellant be adjudicated a sexual predator. Thereafter, a hearing to determine whether or not appellant was a sexual predator was scheduled by the trial court for December 8, 1997. The hearing was later rescheduled to December 9, 1997. At the hearing, the State presented the trial court with the Bill of Information as well as appellant's presentence investigation. The presentence investigation indicated that appellant had had sexual intercourse and/or sexual contact with five juvenile boys ranging in age from 13 to 15 during a short period of time in February of 1996. At the time, appellant was 19 years of age. At the hearing, appellant testified that she had had sexual contact with the five juveniles because she did not think she knew how to say no. Appellant further testified that she had been sexually abused by her stepfather from the time she was seven years old until she was 11. Prior to having her sentence imposed, appellant had received six months of sex offender counseling at Oriana House while she was on probation. At the conclusion of this sexual predator hearing, the trial court took the matter under advisement. Pursuant to a Judgment Entry filed on December 19, 1997, the trial court found by clear and convincing evidence that appellant was a sexual predator as defined in R.C.2950.01 (E). It is from the December 19, 1997, Judgment Entry that appellant prosecutes her appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I O.R.C. 2950 ET. SEQ. VIOLATES ARTICLE I, SECTION I, OF THE OHIO CONSTITUTION AS THE SAME VIOLATES A PERSON'S INALIENABLE RIGHTS UNDER NATURAL LAW.
 ASSIGNMENT OF ERROR II THE TRIAL COURT'S FINDING THAT THE APPELLANT IS A SEXUAL PREDATOR UNDER O.R.C. 2950 ET. SEQ. IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
 I
Appellant, in her first assignment of error, maintains that O.R.C. 2950 et. seq. violates Article I, Section I of the Ohio Constitution. We disagree. Section 1, Article I of the Ohio Constitution states "[a]ll men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety." Appellant argues R.C. Chapter 2950 "unreasonably interferes with the liberty of the individual beyond the necessities of the situation." In support of this argument, appellant cites the case of State v. Williams (January 29, 1999), Lake App. No. 97-L-191, unreported. The Williams court analyzed R.C. Chapter 2950 under the "two-part test for the validity of police power legislation" as set forth in Benjamin v. Columbus (1957), 167 Ohio St. 103, paragraph five of the syllabus: Although almost every exercise of the police power will necessarily either interfere with the enjoyment of liberty or the acquisition, possession and production of property, within the meaning of Section 1 of Article I of the Ohio Constitution, or involve an injury to a person within the meaning of Section 16 of Article I of that Constitution, or deprive a person of property within the meaning of Section 1 of Article XIV of the Amendments to the Constitution of the United States, an exercise of the police power having such an effect will be valid if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary. The Williams court agreed R.C. Chapter 2950 "bears a real and substantial relation to the legislature's legitimate goal of protecting the public." However, the court found that R.C.2950.11, dealing with the notification requirements of R.C. Chapter 2950, unreasonably infringes on an individual's right to privacy, right to acquire property, right to protect his/her property, right to pursue a business or occupation and right to one's reputation. The Williams court also determined that "R.C. 2950 as applied to sexual `predators' is void in its entirety." While the Supreme Court of Ohio has yet to evaluate the constitutionality of R.C. Chapter 2950 in light of Section 1, Article I of the Ohio Constitution, the court has sent a strong indication of its constitutionality by way of its decision in State v. Cook (1998), 83 Ohio St.3d 404. In Cook at 413-414, the Supreme Court of Ohio stated the following: This court is not blind to the effects of the notification provisions of R.C. Chapter 2950. Offenders may become ostracized from society and even experience harassment. However, `an allegation that government dissemination of information or government defamation has caused damage to reputation, even with all attendant emotional anguish and social stigma, does not in itself state a cause of action for violation of a constitutional right; infringement of more "tangible interests" must be alleged as well.' (Citation omitted.) Borucki v. Ryan (C.A.1, 1987), 827 F.2d 836, 842-843. Further, `[t]he harsh consequences [of] classification and community notification come not as a direct result of the sexual offender law, but instead as a direct societal consequence of [the offender's] past actions.' State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, 1997 WL 786216.
As to the dissemination of information regarding the offender's status, a conviction has always been public record. The General Assembly struck a balance between the privacy expectations of the offender and the paramount governmental interest in protecting members of the public from sex offenders. We cannot conclude that the Retroactivity Clause bans the compilation and dissemination of truthful information that will aid in public safety. In addition, this dissemination requirement imposes no burden on the defendant; the duty to notify the community applies only to the sheriff with whom the defendant has most recently registered.
Thus, we conclude that these dissemination provisions do not impinge on any reasonable expectation of finality defendant may have had with regard to his conviction for gross sexual imposition, and that he, therefore, had no substantive right in this regard. See Matz, 37 Ohio St.3d at 281, 525 N.E.2d at 808. Consequently, the General Assembly could permissibly impose these additional obligations without infringing on a substantive right.
The Cook court further stated the following at 418:
 R.C. Chapter 2950 requires all classifications of sex offenders to register with the sheriff of the county in which the offender resides. R.C. 2950.04(A). The act of registering does not restrain the offender in any way. Registering may cause some inconvenience for offenders. However, the inconvenience is comparable to renewing a driver's license. Thus, we find that the inconvenience of registration is a de minimis administrative requirement.
While admittedly the Cook case was decided on different constitutional issues, we find the cited dicta to be persuasive. In addition, this court has reviewed a challenge to R.C. Chapter 2950 on the constitutional right to privacy and has denied same. See, State v. Smith (June 30, 1999), Perry App. No. CA98-2, unreported. Based on the foregoing, we find that R.C. 2950 does not violate Section I, Article I of the Ohio Constitution. Appellant's first assignment of error is overruled.
 II
Appellant, in her second assignment of error, contends that the trial court's determination that appellant was a sexual predator as defined in R.C. 2950.01(E) is not supported by clear and convincing evidence. In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C.2950.01(D)(2)(a), a violation of R.C. 2907.04, when the victim is under eighteen years of age, is a sexually oriented offense. R.C.2950.09(C) sets forth that the trial court shall consider the factors listed in R.C. 2950.09(B)(2) in determining whether someone is a sexual predator, and shall only make such determination if the trial court finds the evidence is clear and convincing. (R.C. 2950.09(C)(2)(b)) R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination: (a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavior characteristics that contribute to the offender's conduct.
Reliable hearsay, such as a presentence investigation report, may be relied upon by the trial judge. Cook, supra. pg. 425. At the hearing on December 9, 1997, the trial court considered appellant's presentence investigation report, as well as the Bill of Particulars and the sexual predator screening instrument prepared by the Ohio Department of Rehabilitation and Correction. The presentence investigation noted that an investigation by the police department had revealed that, although appellant only pled guilty to one count of corruption of a minor, appellant had had sexual intercourse and/or sexual contact with a total of five juvenile boys ranging in age from 13 to 15 in February of 1996. When appellant was asked at the sexual predator hearing why she had sexual contact with the five boys, appellant responded as follows: "well, I didn't really know how to — I don't think I knew how to say no." Transcript of December 9, 1998, hearing at pg. 15. Appellant further testified that "I didn't have sexual intercourse with all of them", and that she let them do what they wanted to do. Transcript of Proceedings at 13. In its December 19, 1997, Judgment Entry, the trial court stated as follows: "The court has considered all matters of record, including those presented at hearing, and finds that the following had been established by clear and convincing evidence: 1) Defendant's age at the time of the offense was 19. 2) The victim's age at the time of the offense was 14. 3) The psychological evaluation performed as part of the pre-sentence investigation reveals that the Defendant suffers from a personality disorder with antisocial and borderline features and her prognosis as to recovery from being a sexual predator is "guarded no matter what the intervention period." 4) The nature of the Defendant's sexual conduct was repeated sexual intercourse with neighborhood boys ranging in age from thirteen to fifteen. This was a part of a demonstrated pattern of abuse. 5) Defendant has demonstrated a resistance to rehabilitation by being unable to conform to the guidelines of probation." The court further went on to hold that after reviewing all the evidence and the factors in R.C. 2950.09(B)(2), the court found that appellant was a sexual predator. Accordingly, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the findings made by the trial court. We further find that the evidence presented and the findings made by the trial court after the hearing support the finding that appellant is a sexual predator under R.C. 2950.01(E) by clear and convincing evidence and that such finding is not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
The Judgment of the Holmes County Court of Common Pleas is affirmed.
By Edwards, J. Gwin, P.J. and Farmer, J. concur.